UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CARL CRAWFORD,  :
                :
        Plaintiff,  :
                :  Civ. No. 15-2643 (FLW)
    v.          :
                :
UNITED STATES et al.,  :  **MEMORANDUM AND ORDER**
                :
        Defendants.  :
                :

The Court previously administratively terminated this action as Plaintiff's Complaint failed to include either a filing fee or a complete application to proceed *in forma pauperis*. (ECF No. 6.) Plaintiff has now submitted a complete *in forma pauperis* application. (ECF Nos. 8 & 9.) Leave to proceed in this Court without prepayment of fees is authorized.[1] *See* 28 U.S.C. §

---

[1] The Court notes that defense counsel faxed to chambers a two-and-one-half-page letter opposing Plaintiff's *in forma pauperis* application on the alleged basis that three prior "strikes" under 28 U.S.C. § 1915(g) barred Plaintiff from receiving *in forma pauperis* status in this case. Defense counsel specifically argued that two prior dismissals of civil complaints under Federal Rule of Civil Procedure 12(b)(6), the subsequent affirmances of those dismissals, and the denial of a motion to reopen a case under Federal Rule of Civil Procedure 60(b), show that Plaintiff has previously accrued five strikes.

If defendant wishes to pursue this argument, then it should do so by way of a fully developed motion, filed on the action's docket. If it does so, however, it should be mindful of the state of the law within the Third Circuit regarding the accrual of three strikes under § 1915(g). First, "'a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed *explicitly* because it is frivolous, malicious, or fails to state a claim or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons.'" *Brown v. Sage*, 903 F.3d 300, 305 (3d Cir. 2018) (emphasis added) (quoting *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013)). A dismissal will count as a strike only if it is a dismissal with prejudice. *Millhouse v. Heath*, 866 F.3d 152, 161–64 (3d Cir. 2017). Additionally, an affirmance by the Court of Appeals of a dismissal does not count as a strike; only "a *dismissal* of an appeal on one of the enumerated grounds counts as a PLRA strike." *Ball v. Famiglio*, 726 F.3d 448, 464 (3d Cir. 2013) (emphasis added), *abrogated on other grounds by Coleman v. Tollefson*, 135 S. Ct. 1759 (2015) (holding strike accrues immediately upon dismissal and is not tolled pending appeal); *see also Parks v. Samuels*, 540 F. App'x 146, 149–50 (3d Cir. 2014). Finally, while there is precedent from the Court of Appeals for the Seventh Circuit suggesting that the denial of a Rule 60(b) motion may count as a strike, the Court is unaware of any precedent from this Circuit, or any other besides the Seventh, that supports the argument that the denial of a Rule 60(b) motion constitutes a dismissal of "an action or appeal" for the purposes of § 1915(g).

1915. This case is subject to screening by the Court *sua sponte*, and the Court will screen the Complaint in due course.

Therefore, IT IS, on this <u>22nd</u> day of October 2018,

ORDERED that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 8), is GRANTED; and it is further

ORDERED that the Clerk shall reopen this case; and it is further

ORDERED that the Complaint shall be filed; and it is further

ORDERED that **SUMMONS SHALL NOT ISSUE** at this time, as the Court has not yet completed its *sua sponte* screening; and it is further

ORDERED that the time to serve process under Federal Rule of Civil Procedure 4(m) is hereby extended to ninety (90) days after the Court permits the Complaint to proceed; and it is further

ORDERED that, as per 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk of the Court shall serve a copy of this order by regular U.S. mail upon the warden of FCI-Petersburg and the Office of the United States Attorney for the Eastern District of Pennsylvania; and it is further

ORDERED that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that, if the Court dismisses the case upon *sua sponte* screening or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

ORDERED that, under *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for *each* case a court has mandated a deduction under the PLRA, *i.e.*, Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

ORDERED that, under 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce,* until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge