## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

_____

CARL CRAWFORD,                              :
                                            :
                Plaintiff,                  :          Civ. No. 15-2643 (FLW)
                                            :
          v.                          :
                                            :
UNITED STATES et al.,                       :          **MEMORANDUM & ORDER**
                                            :
                Defendants.                 :
_____    :


**FREDA L. WOLFSON, U.S.D.J.**

      Plaintiff, Carl Crawford, a federal prisoner, filed *pro se* with the Court a Complaint

asserting claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401 et seq. (ECF

No. 1.)  The Court previously granted Plaintiff's application to proceed *in forma pauperis*.  (*See*

ECF No. 12.)

      Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal

prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief

may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune

from suit.  *See* 28 U.S.C. § 1915(e)(2)(B).

      Plaintiff brings FTCA claims asserting that Assistant United States Attorney Jennifer

Chun ("AUSA Chun") and U.S. Probation Officer Karen Myslinski ("Probation Officer

Myslinski") failed to comply with this Court's August 18, 2014 Order to revise Plaintiff's PSR to

delete any reference to a bank robbery in January 2003 for which Plaintiff was tried and

acquitted.  (*See* PACER, Crim Act. No. 03-105 (E.D. Pa) at Dkt. Ent. 355.)

      Plaintiff asserts that he was detained at a high level institution and suffered personal

injury and mental pain.  He further asserts that he has experienced mental and emotional distress

while being detained in a high security prison since 2004. Plaintiff asserts that he has been

placed in the SHU, received incident reports, and has experienced harassment and retaliation by

corrections officers while in custody. His lawsuit seeks $50,000 in damages. Plaintiff does not

plead any facts asserting physical injury and appears to assert that the false information in his

PSR caused him "personal injury."

The United States' waiver of sovereign immunity under 28 U.S.C. § 1346(b)(1) of the

FTCA "allows plaintiffs to bring claims based on the action of Government employees when

private persons engaging in analogous behavior would be liable under state law." *CNA v. United

States*, 535 F.3d 132, 138 (3d Cir. 2008). However, this waiver of sovereign immunity is subject

to several requirements and limitations. *See id.* One of these limitations is found in § 1346(b)(2),

which provides, "no person convicted of a felony who is incarcerated while awaiting sentencing

or while serving a sentence may bring a civil action against the United States or an agency,

officer, or employee of the Government, for mental or emotional injury suffered while in custody

without a prior showing of physical injury. 28 U.S.C. § 1346(b)(2).

Even assuming for screening purposes that Plaintiff duly exhausted his FTCA claim

arising from the failure to delete references to the January 2003 bank robbery, he may not bring a

FTCA suit based on exclusively mental or emotional injuries. Here, Plaintiff appears to seek

damages for mental or emotional injuries arising from the Defendants' failure to delete the

reference to the bank robbery in his PSR, and he has not pleaded any accompanying physical

injury, other than his allegation of "personal injury," which is too vague to meet the physical

injury requirement. The Court will dismiss his Complaint without prejudice at screening for

failure to state a claim for relief pursuant to 28 U.S.C. §1915(e)(2)(B). To the extent, Plaintiff

can provide facts showing that he has suffered physical injury in connection with his FTCA

claim, he may submit an Amended Complaint within 30 days.  If Plaintiff does not submit an Amended Complaint within 30 days, this dismissal will automatically convert to a dismissal with prejudice.

      **IT IS THEREFORE**, on this 21st day of  January, 2020

      **ORDERED** that the Complaint is dismissed in its entirety without prejudice pursuant to the Court's screening authority under § 1915(e)(2)(B) for failure to state a claim for relief; and it is further

      **ORDERED** that Plaintiff may submit an Amended Complaint within 30 days; to the extent Plaintiff does not submit an Amended Complaint within 30 days, this dismissal will automatically convert to a dismissal with prejudice; and it is further

      **ORDERED** that the Clerk of the Court shall send a copy of this Memorandum Opinion and Order to Plaintiff at the address on file and **CLOSE** this case accordingly.

                        *s/Freda L. Wolfson*
                        FREDA L. WOLFSON
                        U.S. Chief District Judge